39 F.3d 1187
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Lee LAYTON, Petitioner-Appellant,
v.
H.L. WHITLEY, et al., Respondents-Appellees.
 No. 93-16903.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN AND NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Lee Layton, a Nevada state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. The district court dismissed Layton's petition as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review for an abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994), and affirm.
 
 
 3
 A petitioner may abuse the writ of habeas corpus if he raises a new claim in a subsequent habeas petition that he could have raised in his first habeas petition. Rule 9(b), 28 U.S.C. foll. Sec. 2254; McCleskey v. Zant, 499 U.S. 467, 489 (1991). The state bears the initial burden of pleading abuse of the writ. McCleskey, 499 U.S. at 494. The state satisfies its burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. Id. The burden then shifts to the petitioner to show cause for failing to raise the claim earlier and prejudice resulting from the errors of which he complains. Id.; Campbell, 997 F.2d at 524.
 
 
 4
 If the petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result. McCleskey, 499 U.S. at 494-95. "A fundamental miscarriage of justice occurs in those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.' " Harris v. Vasquez, 949 F.2d 1497, 1515 (9th Cir.1990) (citing McCleskey, 499 U.S. at 494), cert. denied, 112 S.Ct. 1275 (1992). In order to meet this narrow exception, the petitioner must supplement his claim of constitutional error with a colorable claim of factual innocence. McCleskey, 499 U.S. at 495; Clark v. Lewis, 1 F.3d 814, 821 (9th Cir.1993).
 
 
 5
 Layton does not dispute that he has raised new claims for the first time in a second federal habeas petition. However, Layton contends that he has shown cause for his failure to raise these claims in an earlier petition because he received ineffective assistance of counsel at trial and on appeal. This contention lacks merit because "cause" refers to cause for failure to raise a claim in an earlier habeas petition. See Campbell, 997 F.2d at 524 n. 14. Even assuming that Layton received constitutionally ineffective assistance of counsel at trial and on appeal, his attorney's earlier conduct would not excuse Layton's subsequent failure to raise claims in his federal habeas petition. See McCleskey, 499 U.S. at 494; Campbell, 997 F.2d at 524 n. 14. Accordingly, the district court did not abuse its discretion in determining that Layton had failed to show cause for abusing the writ. See Campbell, 997 F.2d at 516.
 
 
 6
 Layton also contends that his case falls into the narrow "fundamental miscarriage of justice" exception because he has made a colorable showing of factual innocence. Specifically, Layton contends that the evidence was insufficient to support a first degree murder conviction. This contention lacks merit because a challenge to the sufficiency of the evidence does not demonstrate that Layton was actually innocent of the crime. See McCleskey, 499 U.S. at 494-95; see also Harris, 949 F.2d at 1515 (even if constitutional violation undermined accuracy of sentencing decision, it would not demonstrate defendant's actual innocence). Accordingly, the district court did not abuse its discretion in holding that Layton failed to show a fundamental miscarriage of justice. See Campbell, 997 F.2d at 516.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3